UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

FRANK DOUGLAS,

               Plaintiff,

  -against-

THE CITY OF NEW YORK, DET. JOSE MARRERO, Shield No. 3452, DET. LISANDRO RIVERA, Shield No. 5877, SGT. CHRISTOPHER CLARK, Shield No. 3146, DET. JORGE FIGUEROA, Shield No. 6115, and P.O.s "JOHN" and "JANE DOE" #1-10, Individually and in their Official Capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

               Defendants.

------------------------------------------------------------------------X

**SECOND AMENDED COMPLAINT**

06 Civ. 6134 (DC)

**JURY TRIAL DEMANDED**

      Plaintiff FRANK DOUGLAS, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

**JURISDICTION**

      2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff FRANK DOUGLAS is an African-American male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants DET. JOSE MARRERO, DET. LISANDRO RIVERA, SGT. CHRISTOPHER CLARK, DET. JORGE FIGUEROA, and P.O.s JOHN and JANE DOE #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13. On November 6, 2004, at approximately 8:00 a.m., plaintiff FRANK DOUGLAS was lawfully present in the vicinity of Creston Avenue and E. 183rd Street, in the County of the Bronx, in the City and State of New York.

14. At the aforesaid time and place, plaintiff FRANK DOUGLAS was suddenly accosted by members of the New York City Police Department.

15. Defendants handcuffed plaintiff FRANK DOUGLAS and placed him under arrest on drug charges, despite defendants' knowledge that they lacked probable cause to do so.

16. Defendants pulled plaintiff FRANK DOUGLAS' pants and underwear down around his knees within view of numerous individuals.

17. Plaintiff FRANK DOUGLAS was then transported to the 46th Precinct of the New York City Police Department, in the Bronx, New York.

18. While at the 46th Precinct, plaintiff FRANK DOUGLAS was subjected to an unlawful strip search.

19. Plaintiff FRANK DOUGLAS was then transported to Bronx Central Booking.

20. Plaintiff FRANK DOUGLAS was held and detained in police custody for approximately twenty-four hours.

21.  During the period between November 6, 2004 and March 2, 2005, plaintiff FRANK DOUGLAS was required to make court appearances to defend himself in the criminal proceedings that defendants had initiated against him.

22.  On or about March 2, 2005, all charges against plaintiff FRANK DOUGLAS were dismissed on motion of the District Attorney's Office.

23.  As a result of the foregoing, plaintiff FRANK DOUGLAS sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.  All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26.  All of the aforementioned acts deprived plaintiff FRANK DOUGLAS of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF
### FALSE ARREST UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. As a result of the aforesaid conduct by defendants, plaintiff FRANK DOUGLAS was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32. As a result of the foregoing, plaintiff FRANK DOUGLAS' liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF
### UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants strip-searched plaintiff FRANK DOUGLAS, in the absence of any individualized reasonable suspicion that plaintiff was concealing weapons or contraband.

35. As a result of the foregoing, plaintiff FRANK DOUGLAS was subjected to an illegal and improper strip search.

36. The foregoing unlawful cavity search and strip search violated plaintiff FRANK DOUGLAS' constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants misrepresented and falsified evidence before the District Attorney.

39. Defendants did not make a complete and full statement of facts to the District Attorney.

40. Defendants withheld exculpatory evidence from the District Attorney.

42. Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff FRANK DOUGLAS.

43. Defendants lacked probable cause to initiate criminal proceedings against plaintiff FRANK DOUGLAS.

44. Defendants acted with malice in initiating criminal proceedings against plaintiff FRANK DOUGLAS.

45. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff FRANK DOUGLAS.

46. Defendants lacked probable cause to continue criminal proceedings against plaintiff FRANK DOUGLAS.

47. Defendants acted with malice in continuing criminal proceedings against plaintiff FRANK DOUGLAS.

48. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff FRANK DOUGLAS' favor on or about March 9, 2006, when all charges against him were dismissed.

### FIFTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants issued legal process to place plaintiff FRANK DOUGLAS under arrest.

52. Defendants arrested plaintiff FRANK DOUGLAS in order to obtain a collateral objective outside the legitimate ends of the legal process.

53. Defendants acted with intent to do harm to plaintiff FRANK DOUGLAS without excuse or justification.

54. As a result of the foregoing, plaintiff FRANK DOUGLAS sustained, *inter alia*, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### SIXTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants created false evidence against plaintiff FRANK DOUGLAS.

57. Defendants forwarded false evidence and false information to prosecutors in the District Attorney's office.

58. In creating false evidence against plaintiff FRANK DOUGLAS, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of

the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, was strip- searched, and was required to make multiple court appearances, without probable cause.

## SEVENTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. Defendants arrested and incarcerated plaintiff FRANK DOUGLAS in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

62. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

63. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

64. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

   a) wrongfully arresting minority individuals on the pretext that they were involved in drug transactions;

   b) manufacturing evidence against individuals allegedly involved in drug transactions;

  c) strip-searching prisoners in the absence of any individualized reasonable suspicion; and

  d) arresting innocent persons in order to meet "productivity goals" (i.e., arrest quotas).

 65. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Corey Avent v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2451;

- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;

- **Michael A. Smith v. City of New York,** United States District Court, Eastern District of New York, 04 CV 1045;

- **Benyamin Taylor v. City of New York,** United States District Court, Eastern District of New York, 01 CV 5750;

- **Heyward Dotson v. City of New York,** United States District Court, Southern District of New York, 03 Civ. 2136;

- **Alvin Williams v. City of New York,** United States District Court, Southern District of New York, 05 CV 4013.

 66. The existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals."

 67. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff FRANK DOUGLAS.

 68. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff FRANK DOUGLAS as alleged herein.

69. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff FRANK DOUGLAS as alleged herein.

70. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff FRANK DOUGLAS was falsely arrested and maliciously prosecuted, and subjected to an unlawful strip-search.

71. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff FRANK DOUGLAS.

72. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff FRANK DOUGLAS' constitutional rights.

73. All of the foregoing acts by defendants deprived plaintiff FRANK DOUGLAS of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unlawful search;

    D. To be free from unwarranted and malicious criminal prosecution;

    E. To be free from malicious abuse of process;

    F. Not to have cruel and unusual punishment imposed upon him; and

    G. To receive equal protection under the law.

74. As a result of the foregoing, plaintiff FRANK DOUGLAS is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars ($1,000,000.00).

**WHEREFORE**, plaintiff FRANK DOUGLAS demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         June 20, 2007

                                                                                                         /s_____
                                                                                              ROSE M. WEBER (RW 0515)
                                                                                              225 Broadway, Suite 1608
                                                                                              New York, NY 10007
                                                                                              (212) 748-3355